# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) (Jointly Administered) |
| Debtors. | |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | Adv. Pro. No. 25-50343 (KBO) |
| Plaintiff, | |
| v. | |
| MS PACKAGING & SUPPLY DISTRIBUTION CORP., | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

MS Packaging & Supply Distribution Corp. ("MS" or "Defendant"), through its undersigned counsel, submits its Answer and Affirmative Defenses to the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* [D.I. 1] (the "Complaint") filed by George L. Miller (the "Plaintiff") in his capacity as chapter 7 trustee for the bankruptcy estates of Akorn Holding Company, LLC, *et al.* (the "Debtors") and states as follows:

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint sets forth the nature of the case to which no

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

1

response is required. To the extent a response is required, the allegations are denied.

2. Paragraph 2 of the Complaint sets forth the nature of the case to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

4. Defendant admits that proceedings to determine, avoid or recover transfers pursuant to §§ 547, 548 and/or 550 of the Bankruptcy Code are denominated "core proceedings" pursuant to 28 U.S.C. § 157(b)(2). To that extent Plaintiff seeks to assert other causes of action (other than those arising under title 11 set forth in the immediately previous sentence), or it is otherwise determined that any Count of this adversary proceeding is non-core, Defendant does not consent to the entry of final orders or judgments by the Court.

5. If it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Defendant does not consent to the entry of final orders or judgments by the Court.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required.

7. Paragraph 7 of the Complaint contains conclusions of law to which no response is required. Subject to its affirmative defenses, Defendant admits that it received certain Transfers and leaves Plaintiff to his burden.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required.

FF\50012520.1
4899-4798-5267, v. 1

## THE PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

11. Defendant admits the allegations of paragraph 11 of the complaint.

## BACKGROUND

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint.

15. Defendant admits the allegations of paragraph 15 of the complaint.

16. Subject to its affirmative defenses, Defendant admits that it received certain Transfers from the Debtor during the Preference Period, refers to Exhibit A to the Complaint for its content and meaning, and leaves Plaintiff to its burden.

17. Defendant admits that it received the Demand Letter, refers to the Demand Letter for its content and meaning, and leaves Plaintiff to its burden.

18. Defendant admits that it received the Demand Letter, refers to the Demand Letter for its content and meaning, and leaves Plaintiff to its burden.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint. Paragraph 19 of the Complaint contains

conclusions of law to which no response is required.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

21. Paragraph 21 of the Complaint comprises a reservation of rights by Plaintiff--to which no responses are required. To the extent any responses are required, Defendant denies that Plaintiff is entitled to any relief from Defendant.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the complaint.

### CLAIMS FOR RELIEF
### COUNT I
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

25. Defendant incorporates by reference the answers to the Complaint as set forth in paragraphs 1-24 hereof.

26. Subject to its affirmative defenses, Defendant admits that it received certain Transfers from the Debtor during the Preference Period, refers to Exhibit A to the Complaint for its content and meaning, and leaves Plaintiff to its burden.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint.

28. Defendant admits the allegations of paragraph 28 of the complaint.

29. Paragraph 29 of the Complaint contains conclusions of law to which no response

4

is required. To the extent a response is required, the allegations are denied.

30. Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

31. Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

32. Subject to its affirmative defenses, Defendant admits that it received certain Transfers from the Debtor during the Preference Period, refers to Exhibit A to the Complaint for its content and meaning, and leaves Plaintiff to its burden.

33. Paragraph 33 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint, except that it received the Demand Letter. Subject to its affirmative defenses, Defendant admits that it has not paid the estate and leaves Plaintiff to its burden.

35. Paragraph 35 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))

36. Defendant incorporates by reference the answers to the Complaint as set forth in paragraphs 1-35 hereof.

37. Paragraph 37 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

38. Paragraph 38 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III
### (Recovery of Property – 11 U.S.C. § 550)

39. Defendant incorporates by reference the answers to the Complaint as set forth in paragraphs 1-38 hereof.

40. Paragraph 40 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

41. Paragraph 41 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42. Paragraph 42 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502)

43. Defendant incorporates by reference the answers to the Complaint as set forth in paragraphs 1-42 hereof.

44. Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

45. Subject to its affirmative defenses, Defendant admits that it has not paid the estate and leaves Plaintiff to its burden.

46. Paragraph 46 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Ordinary Course of Business under 11 U.S.C. § 547(c)(2))

To the extent any of the Transfers were received by the Defendant, each was in payment of a debt incurred by the transferring Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant, and such transfer was--

(A) made in the ordinary course of business or financial affairs of the transferring Debtor and the Defendant, or

(B) made according to ordinary business terms.

## THIRD AFFIRMATIVE DEFENSE
### (Subsequent New Value under 11 U.S.C. § 547(c)(4))

To the extent any of the Transfers were received by the Defendant, then, after each such Transfer, Defendant gave new value to or for the benefit of the transferring Debtor--

(A) not secured by an otherwise unavoidable security interest, and

(B) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Solvency)

The Debtors were solvent at all times relevant hereto.

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith Transferee for Value)

To the extent the Complaint alleges a cause of action under § 548, Defendant asserts such claim is barred by 11 U.S.C. §548(c) because Defendant was a good-faith transferee taking for value.

## SIXTH AFFIRMATIVE DEFENSE
### (Additional Defenses and/or Counterclaims)

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have, as yet unstated, additional defenses. Defendant reserves its right to assert such additional defenses in the event discovery indicates that Defendant possesses such defenses.

## GENERAL STATEMENTS

To the extent that any allegations in the Complaint or other aspects of the Complaint were not responded to fully above, such allegations and aspects are expressly denied by Defendant. The assertion of affirmative defenses herein by Defendant is not intended to, and does not, alter or shift any burden of proof that the Plaintiff may have in connection with its claims.

**WHEREFORE,** Defendant requests that the Court (1) enter judgment in favor of Defendant and against the Plaintiff on all claims asserted by the Plaintiff, (2) dismiss the Complaint in its entirety and dismiss each and all of the claims therein, (3) award Defendant its costs and attorneys' fees incurred in its defense; and (4) grant such other and further relief as the Court deems just and equitable.

Dated: October 20, 2025

      **THE ROSNER LAW GROUP LLC**

      */s/ Frederick B. Rosner*
      Frederick B. Rosner (DE #3995)
      Chan (Cora) Dong (DE #7393)
      824 Market Street, Suite 810
      Wilmington, DE 19801
      (302) 777-1111
      rosner@teamrosner.com
      dong@teamrosner.com

      **FARRELL FRITZ, P.C.**

      */s/ Patrick Collins*
      Patrick Collins
      400 RXR Plaza
      Uniondale, New York 11556
      (516) 227-0700

      *Attorneys for Defendant*
      *MS Packaging & Supply Distribution Corp.*